UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOREN D. GARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00009-TWP-TAB |
| | ) | |
| INDIANA DEPT. OF CORRECTIONS, | ) | |
| CHRISTINA REAGLE, | ) | |
| DENNIS REAGLE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Loren D. Gary is a prisoner currently incarcerated at Pendleton Correctional Facility. He alleges in this civil action that the defendants ignored his requests to be relocated when construction in his cell block aggravated his breathing difficulties. The Court dismissed his original complaint and provided him an opportunity to file an amended complaint. The Court now screens his amended complaint pursuant to 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint brings claims for injunctive relief and money damages against ten defendants: the Indiana Department of Correction (IDOC), IDOC Commissioner Christina Reagle, Warden Dennis Reagle, Case Manager E. Knotts, Counselor T. Solomon, Centurion Medical Services (Centurion), Health Services Administrator Lisa Hamblen, Nurse Linsey, Nurse Cemi, and Nurse Johnna. The complaint makes the following allegations.

On June 26, 2023, Mr. Gary began to have trouble breathing due to dust and smoke created by construction work in his cell block. He complained to Nurse Linsey when she was passing out medication that he had COPD and could not breathe because of the smoke. She did not take any action to help him. He gave her a healthcare request form but received no response.

Over the next two weeks, he sent request slips to Captain Ernest, Counselor Solomon, Case Manager Knotts, and Warden Reagle. On July 5, 2023, he asked Counselor Solomon if he knew that Mr. Gary had requested to be moved. Counselor Solomon responded that he had no open cells, even though Mr. Gary had seen three inmates move the day before. Ms. Knotts also acknowledged that she had received Mr. Gary's requests but did nothing.

On July 6, 2023, a construction worker was welding just outside Mr. Gary's cell and he received a serious burn on his wrist. When Nurse Cemi walked by a few hours later, Mr. Gary showed her the burn and told her he was having trouble breathing. Nurse Cemi gave him some salve for his burn and took another healthcare request form.

2

Director of Nursing Johnna and HSA Hamblen are responsible for receiving and responding to health care request forms. On July 21, 2023, Mr. Gary received a response from Warden Regale telling him to use his inhaler. On August 10, 2023, he was called to medical in response to the healthcare requests he had sent in June and July. He seeks injunctive relief and compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against the IDOC must be **dismissed**. The statutory vehicle by which a plaintiff may raise an Eighth Amendment claim is 42 U.S.C. § 1983. But States and their agencies—such as the IDOC—are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Second, all claims against Christina Reagle must be **dismissed**. The only allegation against her is that she must have known that custody staff were acting with deliberate indifference to inmates' constitutional rights. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Instead, "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Mr. Gary does not allege that Christina Reagle had personal responsibility for his housing assignment or medical treatment. And he did not name as defendants any correctional staff who ignored his complaints.

3

The claims that **shall proceed** are the following:

- Eighth Amendment deliberate indifference claims against Dennis Reagle, E. Knotts, T. Solomon, Lisa Hamblen and Nurses Linsey, Cemi, and Johnna;

- Eighth Amendment *Monell* claim against Centurion; and

- State law negligence claims against Centurion, Dennis Reagle, E. Knotts, T. Solomon, Lisa Hamblen and Nurses Linsey, Cemi, and Johnna.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Gary believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 6, 2024,** in which to identify those claims.

The **clerk is directed** to terminate IDOC and Christina Reagle, and to add Centurion, E. Knotts, T. Solomon, Lisa Hamblen, Nurse Linsey, Nurse Cemi, and Nurse Johnna as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Centurion, Dennis Reagle, E. Knotts, T. Solomon, Lisa Hamblen, Nurse Linsey, Nurse Cemi, and Nurse Johnna in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [9]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Defendants Lisa Hamblen, Nurse Linsey, Nurse Cemi, and Nurse Johnna are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home

4

address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 5/13/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
 Dennis Reagle
 E. Knotts
 T. Solomon
  (All at Pendleton Correctional Facility)

Electronic service to Centurion:
 Lisa Hamblen
 Nurse Linsey
 Nurse Cemi
 Nurse Johnna

LOREN D. GARY
251375
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064