UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOREN D. GARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00009-TAB-TWP |
| | ) |
| DENNIS REAGLE Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

Plaintiff Loren D. Gary filed a motion requesting various forms of injunctive relief due to alleged acts of retaliation by staff at the Pendleton Correctional Facility, where he resides. [Filing No. 92.] In opposition to Plaintiff's motion, Defendants Lisa Hamblen, Lindsey Cottrell, Johnna Fritch, and Centurion Health of Indiana, LLC (collectively, the "Centurion Medical Defendants") argue that Plaintiff has not proven the elements necessary for injunctive relief; the requested injunctive relief does not comport with the Prison Litigation Reform Act; and the requested injunctive relief falls outside the scope of this lawsuit. [Filing No. 103.] For the reasons discussed below, Plaintiff's motion for injunctive relief is denied.

**I.   Introduction**

This lawsuit stems from alleged injuries and constitutional violations that occurred in June and July 2023 while construction work was performed in Plaintiff's cell block. [Filing No. 11, at ECF p. 2.] Plaintiff alleged that facility staff failed to help after he told them that dust and smoke had aggravated his COPD and nearby welding caused a burn to his wrist. [Filing No. 11, at ECF p. 2.] The screening order permitted Plaintiff's deliberate indifference claims against facility and

1

medical staff; an Eighth Amendment *Monell* claim against Centurion; and state law negligence claims against Centurion and facility and medical staff. [Filing No. 11, at ECF p. 4.]

In support of his request for injunctive relief, Plaintiff outlines various concerns. [Filing No. 92, at ECF p. 3-4.] Plaintiff alleges that, as of February 7, 2025, facility staff had failed to: (1) allow Plaintiff to view discovery produced on compact discs in December 2024; (2) provide printed copies of requested legal authorities; and (3) allow Plaintiff to access unspecified materials that were "posted via Television or published on the tablets." [Filing No. 92, at ECF p. 3-4.] Plaintiff's motion does not outline all actions taken by Plaintiff to access those materials or state whether Plaintiff has exhausted the facility's internal procedures for such access. Plaintiff also complains that mail delays[1] and lighting issues in his cell have frustrated his ability to "effectively review, produce, and submit legal work . . . to the Courts." [Filing No. 92, at ECF p. 3-4.] However, the frequency of Plaintiff's filings in this case seems to undermine that claim. Plaintiff has submitted at least 19 filings to the Court so far in 2025. [Filings No. 79, 80, 85, 86, 91, 92, 94, 99, 100, 104, 108, 110, 118, 119, 123, 125, 127, 130, 132.]

Plaintiff's motion outlines the various forms of injunctive relief sought by Plaintiff. [Filing No. 92, at ECF p. 4-5.] Plaintiff requests the Court to order the Indiana Department of Correction—a non-party—and "its agents within Pendleton Correctional Facility" to act professionally and refrain from vindictive or retaliatory acts against Plaintiff. He also requests the Court to order the warden to appoint a member of senior staff to process Plaintiff's mail and order an unspecified independent non-party to investigate the alleged misconduct and retaliation, with expenses paid by the State of Indiana—another non-party. Last, Plaintiff requests to be moved to

---

[1] It is the Court's understanding that Pendleton Correctional Facility offers inmates access to electronic filing and service. The Court urges Plaintiff to take advantage of the Court's electronic filing system.

2

a single-occupancy cell with better utilities and to be allowed improved access to the law library and "any other resources related to legal materials." [Filing No. 92, at ECF p. 5.]

## II.    Discussion

A preliminary injunction is an extraordinary remedy that is "never awarded as a matter of right." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 965 (7th Cir. 2018). "To obtain a preliminary injunction, a plaintiff must establish that [he] has some likelihood of success on the merits; that [he] has no adequate remedy at law; [and] that without relief [he] will suffer irreparable harm. If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (internal quotations and citations omitted). Plaintiff has failed to satisfy at least two requirements for a preliminary injunction. Plaintiff has not attempted to address his likelihood of succeeding on the merits of his underlying claims or explain why the facility's internal procedures are insufficient to remedy his grievances. Thus, the first two requirements are not met. As to the irreparable harm requirement, Plaintiff argues generally that his grievances may result in summary judgment against him.[2] [Filing No. 92, at ECF p. 2.] Even if Plaintiff's concerns regarding summary judgment are

---

[2] Plaintiff's concerns regarding summary judgment were hypothetical at the time he moved for injunctive relief. As of February 18, 2025, when Plaintiff filed his motion, no Defendant had moved for summary judgment. Since then, Defendants Dennis Reagle, Emily Sarten, and Thomas Solomon (collectively, "the State Defendants") moved for summary judgment on April 22, 2025. [Filing No. 114.] On April 30, 2025, Plaintiff requested more time to respond to the summary judgment motion. [Filing No. 127.] In support of the requested extension of time, Plaintiff alleged only that he was busy because he had five other civil rights lawsuits and a post-conviction relief action pending—without alleging any difficulties accessing mail, evidence, or legal resources. [Filing No. 127.] The Court granted Plaintiff until June 20, 2025, to respond to the motion for summary judgment. [Filing No. 129.] Without providing further justification as to why the extension was not sufficient to allow him to prepare a response to the State Defendants' motion for summary judgment, Plaintiff's argument is likely insufficient to show irreparable harm.

sufficient to satisfy the irreparable harm requirement, the other two requirements are not satisfied, and a preliminary injunction is not warranted.

Furthermore, a federal court "cannot grant an injunction based on claims that lack a nexus with claims proceeding [in the subject litigation.]" *Ward v. Vanihel*, No. 1:23-cv-909-JMS-CSW, 2023 WL 6199842, at *2 (S.D. Ind. Sept. 22, 2023) (denying an incarcerated plaintiff injunctive relief seeking a court-ordered special diet and housing accommodations where the screening order limited the plaintiff's claims to those stemming from the alleged denial of medical treatment). To pursue injunctive relief pertaining to claims unrelated to those permitted under the screening order, an incarcerated plaintiff must exhaust available administrative remedies and pursue a new lawsuit. *Id*. The only claims at issue in this lawsuit pertain to construction activities in June and July 2023 and the facility's handling of related health concerns, not the current condition of Plaintiff's housing or his access to various litigation-related resources within the facility. [Filing No. 11.] The grievances outlined in Plaintiff's motion for injunctive relief lack a sufficient nexus with the claims permitted by the screening order. Plaintiff may not seek injunctive relief for those unrelated grievances in this lawsuit.

Moreover, as an incarcerated person with concerns regarding prison conditions, Plaintiff may only seek injunctive relief as allowed by the Prison Litigation Reform Act. Under the PLRA, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Contrary to the first two requirements under PLRA, the injunctive relief sought by Plaintiff—such as the request to order the State of Indiana to pay for an independent investigation of Pendleton Correctional Facility—is overly broad. Additionally, because Plaintiff has put forth no evidence showing that he has exhausted

administrative remedies to address his grievances, none of the requested injunctive relief is the least intrusive means, in violation of PLRA's third requirement for preliminary injunctive relief.

Because Plaintiff has not met his burden of proof and seeks injunctive relief that is overly broad and unrelated to the subject matter of the litigation, injunctive relief is not appropriate.

### III.  Conclusion

Plaintiff's motion for injunctive relief [Filing No. 92] is denied.  Furthermore, Plaintiff's motion for ruling on his motion for injunctive relief [Filing No. 119] is denied as moot.

Date: 5/21/2025

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

LOREN D. GARY
251375
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

5